IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-00285-BO

| | |
|---|---|
| MARY C. RIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 29, 32]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held at Edenton, North Carolina on August 30, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 29] is GRANTED and defendant's motion [DE 32] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on August 20, 2015, alleging disability dating back to July 15, 2015. A hearing was held before an administrative law judge (ALJ) on October 11, 2017. The ALJ issued a decision in December 2017, finding that plaintiff was not disabled. In May 22, 2018, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

In June 2018, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 5]. In February 2019, plaintiff moved for judgment on the pleadings. [DE 29]. Defendant moved for judgment on the pleadings in May 2019. [DE 32].

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a

disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform her past relevant work activities, she was able to perform other jobs that existed in significant numbers in the national economy.

Plaintiff argues that the ALJ erred in (1) finding no inconsistency between plaintiff's limitation to "simple, routine, and repetitive tasks" and the VE's testimony that she was capable

3

of performing certain jobs with Reasoning Levels 2 and 3; (2) failing to account for plaintiff's limitations in concentration, persistence, and pace in determining plaintiff's residual functional capacity; (3) improperly discounting the opinion of treating physician Michael Woodbridge, M.D.; and (4) improperly discounting the opinion of the agency's own psychological expert.

The Court finds that, at least with regard to plaintiff's third and fourth arguments, the ALJ committed reversible error that requires remand.

Remand is appropriate because the ALJ improperly discounted Dr. Woodbridge's opinion. The ALJ gave "little weight" to the opinion because it was "not supported by treating notes[.]" [Tr. 19]. Plaintiff argues that she met her obligation to provide the ALJ notice of Dr. Woodbridge's medical source statement and that the agency repeatedly told her that it would obtain relevant medical records itself. Simply stated, plaintiff contends it was the agency's own fault for not having the treating notes and it was therefore improper for the ALJ to discount Dr. Woodbridge's opinion for lack of supporting notes. Defendant responds that plaintiff has shown no prejudice, as required by *Camp v. Massanari*, 22 F. App'x 311 (4th Cir. 2001). The Court agrees with plaintiff. Plaintiff satisfied her notice obligation regarding Dr. Woodbridge's records and the ALJ explicitly discounted Dr. Woodbridge's opinion for lack of source treating notes. Had the agency fulfilled its obligation to obtain Dr. Woodbridge's records, the ALJ would have had the treating notes, which support the opinion. Plaintiff has therefore demonstrated prejudice.

Remand is also appropriate because the ALJ failed to adequately explain its reasons for discounting Dr. Mark Besen, Ph.D's opinion, while simultaneously fully crediting the opinions of other the state psychological consultants. Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record

4

as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c). Here, the ALJ explicitly discounted the opinion of its retained psychological expert, Dr. Besen, because it was based only on a "one-time" examination. [Tr. 19]. But the ALJ then afforded "substantial weight" to three other state-retained psychological consultants who never examined plaintiff at all. Nowhere does the ALJ explain the reason for this inconsistency. An ALJ's conclusions drawn from the evidence require enough explanation to permit meaningful appellate review. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). The ALJ's explanation does not address this apparent inconsistency and is therefore deficient.

Considering the full record, the Court is persuaded that the ALJ erred in discounting certain medical opinions, particularly the opinions of Dr. Woodbridge and Dr. Besen. Plaintiff was prejudiced by the agency's failure to obtain treating notes from Dr. Woodbridge and the ALJ failed to explain a clear inconsistency in the way various opinions were weighed. On the basis of these two defects, the Court finds that the ALJ's decision was not supported by substantial evidence. Because the Court finds that remand is justified for these errors alone, there is no need to consider plaintiff's remaining arguments. Plaintiff's motion for judgment on the pleadings must be granted, and the case must be remanded to the Commissioner for *de novo* hearing and a new decision.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 29] is GRANTED and defendant's motion [DE 32] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this __9__ day of September, 2019.

                                          *Terrence Boyle*
                                          TERRENCE W. BOYLE
                                          CHIEF UNITED STATES DISTRICT JUDGE